IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| TEODORO ESPINOZA, | § | |
|     Plaintiff, | § | |
| v. | § | CIVIL ACTION |
| | § | NO. |
| PATRICK R. DONAHOE, | § | |
| POST MASTER GENERAL, | § | JUDGE DAVID BRIONES |
| UNITED STATES POSTAL SERVICE | § | |
|     Defendant. | § | EP14CV0290 |



## COMPLAINT

### Introduction

1. This is a complaint for damages, declaratory and injunctive relief authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e et seq. ("Title VII"), and the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C § 791 *et seq.*

2. This lawsuit is brought to prevent Defendant, Patrick R. Donahoe, Post Master General, UNITED STATES POSTAL SERVICE, pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, et seq. ("Title VII"), and the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C § 791 *et seq.*, from maintaining a policy, practice, custom or usage of discriminating against, Plaintiff, TEODORO ESPINOZA, in regard to terms, conditions and privileges of employment, and for damages, and other equitable relief for Plaintiff, TEODORO ESPINOZA, who has been discriminated against by Defendant on the basis of race/national origin (Hispanic), retaliation, and disability (Post-Traumatic Stress Disorder - "PTSD").

### Jury Demand

3. A jury is hereby demanded.

1

### *Jurisdiction and Venue*

4.     This action is brought for a declaratory judgment, injunctive relief and compensatory damages, pursuant to 42 U.S.C. Section 1983, 20 U.S.C. Sections 1681-1688, 28 U.S.C. Sections 2201 and 2202.  This Court has jurisdiction to hear the Plaintiff's claims pursuant to 28 U.S.C. Sections 1331, 1343(3) and (4) 1337 and 42 U.S.C. 2000e-5(f) [Section 706(f)(s) and (3) and 704(a) of Title VII], and the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C § 791 *et seq*.

5.     Venue is proper in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. Section 1391(b) as El Paso County, Texas is the county where the Defendant operates the Patrick R. Donahoe, Post Master General, UNITED STATES POSTAL SERVICE, Plaintiff's employer. Further, all actions complained of herein occurred within the El Paso County, Texas.

### *Parties*

6.     **TEODORO ESPINOZA** is a Hispanic disabled citizen of the United States and a resident of the City of El Paso, El Paso County, Texas.

7.     Plaintiff is employed by the Defendant, Patrick R. Donahoe, Post Master General, UNITEDSTATES POSTAL SERVICE. The Defendant maintains and administers records relevant to its employment practices.  Service of process may be made upon the United States Attorney for the Western District of Texas, and the United States Attorney General, Department of Justice, by registered or certified mail, pursuant to the Federal Rules of Civil Procedure (Rules 4(I)(1)(A), (B) & (C)).

8.     Defendant is an employer within the meaning of 42 U.S.C. 2000e, et seq., ("Title VII"), ant the Rehabilitation Act.

## *Exhaustion of Remedies*

9.     Plaintiff filed a formal complaint of discrimination. Such filing was within at least 45 days of the last act of which he complained. Plaintiff's formal complaint alleged denial of Plaintiff's rights, by Defendant, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., as amended by the Civil Rights Act of 1991, and the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C § 791 *et seq..* Specifically, TEODORO ESPINOZA alleges that he was discriminated against because of race/national origin (Hispanic), retaliation, and disability (Post-Traumatic Stress Disorder - "PTSD").

10.    All conditions precedent to the filing of the lawsuit has been met.

## *Factual Allegations*

11.    Plaintiff is a City Carrier in El Paso, Texas. Plaintiff was discrimination based on race/national origin (Hispanic), retaliation, and disability (Post-Traumatic Stress Disorder - "PTSD") when: (1) on several dates, beginning on April 9, 2011, he had been ridiculed and embarrassed by his supervisor; and (2) on July 15, 2011, he was issued a 14 Day Suspension.

12.    While Plaintiff admits he had no EEO activity *prior* to the instant complaint, he was retaliated against because of his disability. The Defendant retaliated against Compliant because of his grievances filed against Mr. Taylor and Ms. Boutte, and the responsible officials were aware of his filing an EEO on or about June 7 and June 16, 2011.

13.    Responsible officials were very well aware of Plaintiff's disability. Plaintiff had many medical appointments during this time, and the responsible official constantly asked the Plaintiff to produce medical documentation to prove he needed his medical appointments, or refused to provide Plaintiff with the necessary documents to seek medical treatment.

14.    On June 7, 2011, Plaintiff notified his Supervisor Tyrone Taylor of his condition. Mr. Taylor

however, refused to give Plaintiff the documentation to seek medical attention. Plaintiff further notified his Union President, on June 7, 2011, and the Union informed the Postmaster Garza of Plaintiffs situation.

15. Once the Defendant became aware of Plaintiff medical situation, he provided all documentation and/or medical records to the USPS on June 10, 2011. However, he had to provide them several times to Management because they lost the documentation.

16. Plaintiff suffered from anxiety, stress depression and mental anguish but worsened since the first incident with Mr. Taylor on or about April 9, 2011. While Plaintiff did not know how long these conditions are expected to last, it has had a permanent impact on his way and quality of life. Because, of the long time effects of medical condition, resulting from their behavior and actions which were inappropriate.

17. Plaintiff had difficulty sleeping, concentrating, eating, and the lack of communication with Supervisor was stressful. He had loss of memory (events), suffered from headaches, had high blood pressure, was less sociable with spouse and children, suffered neck tension, neck ticks, was depressed and anxious, and he began to speaks to himself to relax or settle down. This was all due to the incidents he had with the responsible officials.

18. While working as a letter carrier, during casing Complaint has experienced difficulty to concentrate and lack of focus, he is severely stressed and has neck strains. While on his driving route, he is experiencing stress, anxiety, headaches, neck tic, nausea, and has to use the restroom often. These conditions worsened when stress at work and personnel issues rose due to the work situation. Plaintiff did take medication and treatment which helped with the road towards remission.

19. Complaint was under constant scrutiny at work by his supervisors. The thoughts of discipline got him anxious and he worried about finishing on time, or not with or without a 3996 form. Plaintiff

4

has become very anxious and weary of his supervisors. With all the stress, Plaintiff at times became unfocused and distressed. His anxiety became unbearable to handle.

20. The adverse employment actions involved in this complaint were taken against Plaintiff in part because of his national origin, Hispanic. Mr. Taylor (supervisor), Ms. Regina Boutte (manager), and Bank Harriston (U-Man relief on Plaintiff's route) are all African-American (non-Hispanic).

21. Management never had a good faith non-discriminatory basis for each action or decision that was made. This is why the initial 14-Day discipline suspension was never made final. This was just another form of discrimination and retaliation toward Plaintiff.

22. Since April 2011, Mr. Taylor began to ridicule, yell, harass and discipline Plaintiff. Ms. Boutte stood behind Plaintiff for two (2) hours on her first day at Ranchland on June 6, 2011. These supervisors and manager were involved and knew about complaint and grievances filed by Plaintiff with the union. There are records of settlements in Plaintiff's favor regarding their conduct of harassment towards him to include the Department of Labor which accepted by letter for injury of stress from the harassment actions by Mr. Taylor and Ms. Boutte.

23. The responsible officials (ARO's) Tyrone Taylor (African-American - Supervisor Customer Services), Regina Boutte (African-American - Manager Customer Services), and Kathy Martinez (Hispanic - Customer Services Operations Manager "CSOM") were aware of Plaintiff's EEO activity because of his stewardship with the union and the filing of workers' compensation claim regarding anxiety. Ms. Martinez investigated the harassment and should have a harassment sheet on file. They were all well aware of Plaintiff's EEO activity, and having medical condition/impairment that could be considered disabling at the time of their actions and/or decisions.

24. Responsible official's used violating, harassing and discriminatory tactics against Plaintiff, which are mainstream practices of the responsible officials. USPS policies, to include the Joint

5

Statement of Violence in the workplace, which defines proper conduct are not followed.

25. Plaintiff is under constant scrutiny at work by supervisors. The thoughts of discipline get Plaintiff anxious and worries about finishing on time or not with or without a 3996 form. He has very anxious and weary of supervisors.

26. On June 7, 2011, Plaintiff notified Supervisor Tyrone Taylor of his medical condition. Mr. Taylor however, refused to give Plaintiff the documentation to seek medical attention. Plaintiff also notified the Union President, on June 7, 2011, and the Union informed the Postmaster Garza of Plaintiff's situation. Once the Defendant accepted Plaintiff's medical situation, he had to provide management with his medical documentation several times because they lost the documentation.

27. Plaintiff was issue a 14-Day Suspension dated July 15, 2011. He was on his last day at Ranchland Station (due to the environment his doctors advised him to move to another station) and before his transferring to a new station. Ms. Boutte gave Plaintiff the 14-day suspension 38 days after Plaintiff's initial incident, which occurred on 6/7/11. This suspension was in retaliation to Plaintiff's grievances filed against Mr. Taylor and Ms. Boutte and the filing of his EEO. Plaintiff was notified he was being suspended on his last day at Ranchland Station by Mrs. Boutte. This was the day before he was supposed to be transferring to a new station. Plaintiff was told he was being suspended for Unacceptable Conduct Failure to follow instructions and the suspension was approved by Ms. Kathy Martinez.

28. Ralph Salcedo is similar situated individual whom was out for a medical issue (mental anxiety and stress) at the time Plaintiff suffered his medical condition, but was only given a disciplinary letter by management. This individual was also mistreated and yelled at by Mr. Taylor. Mr. Taylor has made fun of another employee, Mr. Salcedo (Hispanic). Mr. Taylor has had other similar issues in different stations thought out El Paso with various Hispanics.

29. Plaintiff's ability to perform his duties to the fullest have been affected by the constant harassment. Management has tried to provoke Plaintiff to act in a disrespectful manner towards them. Management targeted Plaintiff's from the first week of Mr. Taylor arriving to the Ranchland Station and Ms. Boutte started on her first day.

30. Letter Carrier (T-6) Bank Harriston (African-American) who had been carrying Plaintiff's route for over 2 years, before date of incident, was not yelled at, stood behind for 2 hours while casing, when he took long in the office or on the street delivering. Mr. Harriston was treated in a fair manner because of his race (African-American).Mr. Taylor does not speak to Mr. Harriston (African-American) in a demeaning manner, although he has done the route for over two years for taking too long on casing or delivering the route as Mr. Taylor has to Plaintiff. Ana Garcia, Management checked the route and determined that the route was over burdensome. There is documentation on her findings.

31. Plaintiff works with a diverse group of carriers both within and outside his race/national origin which were not treated in the same manner. Plaintiff was treated differently because he is Hispanic. Plaintiff was subjected to disparate treatment and harassing treatment by management.

## COUNT ONE
## TITLE VII VIOLATION – NATIONAL ORIGIN/RACE

32. The Plaintiff re-alleges paragraphs 1 - 31 as if fully set forth herein.

33. Defendant discriminated against Plaintiff, TEODORO ESPINOZA herein since the agents and employees of Defendant engaged in discrimination based on national origin in violation of Title VII of the Civil Rights Act. Specifically, the Plaintiff TEODORO ESPINOZA suffered adverse employment consequences as a direct result of national origin discrimination. As a direct and proximate result of these actions, Plaintiff TEODORO ESPINOZA suffered national origin

discrimination.

34. By reason of the Defendant's actions, the Plaintiff TEODORO ESPINOZA found it necessary to retain the services of an attorney in these proceedings and heretofore and is therefore entitled to attorneys' fees pursuant to Title VII and under the general equity Powers of the Court.

**COUNT TWO**
**DISABILITY DISCRIMINATION**
**(Post-Traumatic Stress Disorder - "PTSD")**

35. Plaintiff realleges paragraphs 1-34 as if fully set forth herein.

36. The actions of Defendant, constituted disability discrimination against Plaintiff in the creation and condonation of a disability bias and a hostile work atmosphere which changed the terms and conditions of his employment.

37. The unlawful employment practices in violation of the Rehabilitation Act herein complained of occurred in the course of Plaintiff's employment with Defendant were carried on by Defendant's agents, servants, and employees and committed because of Plaintiff's disability.

38. Defendant discriminated against Plaintiff herein because of his disability with respect to the terms, conditions, privileges, advantages and benefits of his employment with Defendant. Specifically, Plaintiff was harassed, held to stricter standards of performance, and denied benefits of employment accorded other employees.

39. In addition, Plaintiff was treated dissimilarly from other employees.

40. By reason of the Defendant's actions, the Plaintiff found it necessary to retain the services of an attorney in these proceedings heretofore and is therefore entitled to attorney's fees pursuant to the Rehabilitation Act and under the General Equity Powers of the Court.

## COUNT THREE
### REPRISAL/RETALIATION

41. The Plaintiff, TEODORO ESPINOZA re-alleges paragraphs 1 - 40 as if fully set forth herein.

42. Defendant retaliated against Plaintiff, TEODORO ESPINOZA herein since it engaged in reprisal and retaliation in violation of Title VII of the Civil Rights Act. Specifically, Plaintiff, TEODORO ESPINOZA suffered adverse employment consequences as a direct result of his participation or assistance in prior EEOC process. As a direct and proximate result of these actions, Plaintiff, TEODORO ESPINOZA suffered retaliation and reprisal.

43. By reason of the Defendant's actions, Plaintiff, TEODORO ESPINOZA found it necessary to retain the services of an attorney in these proceedings and heretofore and is therefore entitled to attorney's fees pursuant to Title VII, and under the general equity Powers of the Court.

WHEREFORE, Plaintiff respectfully requests:

a. A declaratory judgment, declaring Defendant's acts, through the acts of its agents, employees and successors, herein complained of to be in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C § 791 *et seq.*

b. Compensatory damages against the Defendant for each violation of Plaintiff's rights, as protected by Title VII, the Rehabilitation Act, and for his pain, suffering, emotional distress, humiliation and for any resulting physical and emotional damages, in the amount of $300,000.00;

c. Attorney's fees, court costs, prejudgment and post judgment interest as provided by law including Title VII; and

d. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**The Law Office of Enrique Lopez**

By: _____
ENRIQUE LOPEZ
State Bar No.: 12563530
701 N. St. Vrain Street
El Paso, Texas 79902
Telephone: (915) 351-0595
Facsimile:  (915) 534-7207

Attorney for Plaintiff